IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DEREK HINDS, # 279371, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 18-0214-KD-MU |
| CYNTHIA STEWART, *et al.*, | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

Plaintiff Derek Hinds, an Alabama prison inmate proceeding *pro se* and *in forma pauperis,* filed an action under 42 U.S.C. § 1983, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful review of the complaint (Doc. 1), it is recommended that, prior to service of process, this action be dismissed without prejudice as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**I. Legal Standards for Screening a Complaint for Maliciousness.**

Due to Hinds being granted *in forma pauperis* status (Doc. 3), his complaint is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2)(B). (Doc. 1). This statute requires the Court to dismiss a prisoner action if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii). An action is deemed malicious under § 1915(e)(2)(B)(i) when a prisoner plaintiff affirmatively misrepresents his prior litigation history on a complaint

form requiring disclosure of such history and signs it under penalty of perjury, as such a complaint is an abuse of the judicial process warranting dismissal without prejudice as malicious. *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (affirming the counting as a strike under 28 U.S.C. § 1915(g) an action that was dismissed for an abuse of legal process when the inmate lied under penalty of perjury about a prior lawsuit), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 215-17 (2007); *see also, e.g., Schmidt v. Navarro*, 576 F. App'x 897, 898-99 (11th Cir. 2014) (unpublished) (affirming the finding that the action was malicious because the plaintiff abused the judicial process when he failed to disclose the existence of two prior federal actions in his complaint signed under penalty of perjury);[1] *Sears v. Haas,* 509 F. App'x 935, 935–36 (11th Cir. 2013) (unpublished) (finding an action's dismissal without prejudice as malicious for an abuse of judicial process was warranted when, in a complaint signed under penalty of perjury, the inmate failed to disclose a case filed just five months earlier and another case filed six years earlier); *Harris v. Warden*, 498 F. App'x 962, 964 (11th Cir. 2012) (unpublished) (dismissing without prejudice an action for abuse of process when the inmate failed to disclose his litigation history in his original and amended complaints even though the complaint form described the type of cases he was required to disclose); *Jackson v. Florida Dep't of Corrs.*, 491 F. App'x 129, 132 (11th Cir. 2012) (unpublished) (affirming the dismissal without prejudice of an inmate's action as malicious because he abused the judicial process when under penalty of perjury he did not respond to the complaint form's question that he had no

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

action dismissed prior to service process even though he had one), *cert. denied*, 569 U.S. 960 (2013); *Redmon v. Lake Cty. Sheriff's Office*, 414 F. App'x 221, 223, 225-26 (11th Cir. 2011) (unpublished) (affirming the dismissal without prejudice of the inmate's action that was found to be abusive when he filed a complaint signed under penalty of perjury and did not disclose a prior lawsuit relating to his imprisonment or conditions of imprisonment when the complaint form asked for disclosure of such lawsuits); *Shelton v. Rohrs*, 406 F. App'x 340, 340 (11th Cir. 2010) (unpublished) (affirming the dismissal without prejudice of the inmate's complaint under § 1915(e)(2)(B)(i) for an abuse of process after he checked "no" to the complaint form's question asking if he had filed other actions in state or federal court because the case management system reflected he had filed four actions); *Pinson v. Grimes*, 391 F. App'x 797, 799 (11th Cir.) (unpublished) (relying, on *Rivera*, the Eleventh Circuit affirmed the determination of an abuse of the judicial process and the issuance of a strike when the prisoner had listed only two prior cases even though he filed two other federal cases within the preceding month), *cert. denied*, 562 U.S. 1013 (2010).

When an action is dismissed without prejudice as malicious, the Court must consider whether the action may be re-filed. *See Schmidt*, 576 F. App'x at 899 (affirming the dismissal without prejudice of an action as malicious, based on plaintiff's failure to advise of prior lawsuits as required by the complaint form, because the complaint could be re-filed as the statute of limitations had not expired). If the statute of limitations has expired, a dismissal without prejudice is effectively a dismissal with prejudice because a plaintiff would be unable to re-file a viable action, and the Court would consider other sanctions. *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th

3

Cir. 2014) (unpublished); *Hines v. Thomas*, 604 F. App'x 796, 800 (11th Cir. 2015) (unpublished). In Alabama, the statute of limitations for filing a § 1983 action is two years. *Lufkin v. McCallum,* 956 F.2d 1104, 1105, 1108 n.2 (11th Cir.), *cert. denied,* 506 U.S. 917 (1992); ALA. CODE § 6-2-38(l).

**II. Analysis.**

In the present action, Hinds used this Court's § 1983 complaint form when he commenced this action. (Doc. 1). The complaint form asks a plaintiff to state if he has filed other lawsuits, in state or federal court, that have the same or similar facts involved in his present action or that are related to his imprisonment. (*Id.* at 3). Hinds answered "no" to the form's questions, (*id.*), and then signed his complaint under penalty of perjury stating that the facts in his complaint were true and correct. (*Id.* at 10).

The Court, in screening the complaint under 28 U.S.C. § 1915(e)(2)(B), discovered in its examination of PACER (Public Access to Court Electronic Records)[2] that Hinds previously filed one other action, *Hinds v. Jones*, CA No. 2:17-cv-00392-WKW-TFM (M.D. Ala.), *transferred*, *Hinds v. Jones,* CA No. 4:17-cv-01235-KOB-SGC (N.D. Ala. Sept. 28, 2017) (dismissed for failure to prosecute). Thus, Hinds did not provide the Court with the requested information regarding prior actions. (Doc. 1 at 3). This prior action, however, is of the nature that it should have been listed. *See Hinds v. Jones,* CA No. 4:17-cv-01235-KOB-SGC (plaintiff complained about being assaulted by an officer at St. Clair Correctional Facility)*.* Therefore, when Hinds filed the present complaint on May 4, 2018, he knowingly chose not to list this prior action filed on June

---

[2] The Court takes judicial notice of the U.S. Party/Case Index, PACER Service Center, available at http://pacer.psc.uscourts.gov. *Grandinetti v. Clinton*, No. 2:07-CV-275-WHA(WO), 2007 WL 1624817, at *1 (M.D. Ala. 2007).

16, 2017, and then proceeded to sign his complaint under penalty of perjury. (*Id.* at 13).

The information requested by the complaint form from a prisoner plaintiff about his prior litigation assists the Court in determining if the plaintiff is barred under 28 U.S.C. § 1915(g) (the three-strikes rule), if the action is connected to another action, and if the plaintiff is familiar with litigating his claims. *Doctor v. Nichols*, 2015 WL 5546397, at *3 (N.D. Fla. 2015). A court is deprived of this knowledge to assist it in the handling of a prisoner's action if the prisoner fails to provide the information requested by the complaint form. (*Id.*).

The judicial system is formulated so that when a plaintiff files a civil action, he certifies to the court that his signed pleading, filing, or other paper "to the best of [his] knowledge, information and belief, formed after an inquiry . . . is not being presented for any improper purpose . . . and the factual contentions have evidentiary support. . . ." Fed. R. Civ. P 11(a) & (b)(1) & (2). The purpose of Rule 11 is to impress on the signer his personal responsibility of validating "the truth and legal reasonableness of the document" he is filing. *Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.,* 489 U.S. 533, 547 (1991).

Because Hinds was not truthful to the Court about his prior litigation in his complaint, his action is subject to being dismissed as malicious for abusing the judicial process. The only reason the Court would not recommend this action's dismissal without prejudice is if Hinds could not re-file his action because the two-year statute of limitations had expired on his claim. An examination of the substance of the present complaint reflects that Hinds sued several named prison officials and John Doe prison officials claiming, among other things, a failure to protect him on April 12, 2018. (Doc. 1

5

at 5). Around 2 p.m. or 3 p.m. that day, he and another inmate had a fist fight, which prison officials observed. (*Id.*). He thought the fight was behind them, but at about 8:30 p.m., this inmate threw a heated mixture of shaving powder, baby oil, cooking grease, and other ingredients on him while he was asleep. (*Id.* at 5-6). He then fought this inmate again, but with his skin coming off his neck, arms, and face, other inmates who witnessed what was transpiring separated them. (*Id.*). With no officer coming into the dorm in response to the disturbance and the cubicle officer not notifying a supervisor, he ran to the door to go to the infirmary for medical help. (*Id.* at 6). Initially, the officer refused to roll the door, but once inmates gathered at the door demanding that he receive medical treatment, he was allowed to go the infirmary. (*Id.*).

Because the incident in the present complaint occurred on April 12, 2018, Hinds will be able to re-file his action before the two-year statute of limitations expires if he elects to do so. Because this action can be re-filed, this action is due to be dismissed without prejudice as malicious.

## III. Conclusion.

Based upon the foregoing reasons, it is **RECOMMENDED** that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because it is malicious.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this **r**eport and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

72; S.D. Ala. Gen. LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this **25th** day of **July, 2018**.

s/ P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**